IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. MARK GEIER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1749 (TFH) |
| ) | |
| DEPARTMENT OF HEALTH AND ) | |
| HUMAN SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR AN EMERGENCY STAY OF FURTHER PROCEEDINGS**

The Federal Defendants, the United States Department of Health and Human Services ("HHS"), Larry K. Pickering, M.D., Benjamin Schwartz, M.D., respectfully respond to Plaintiffs' "Motion [for] an Emergency Stay of Further Proceedings to Enable Plaintiffs to Identify and Retain New Counsel," docket entry no. [30]. Although the federal defendants take no position on the motion, now that the Court has dismissed the non-federal defendants from the case for failure to prosecute, the remaining federal defendants are more anxious to move the case along, especially in light of the numerous and evident fatal flaws in plaintiffs' legal bases for relief.

Plaintiffs bring this action for defamation and related claims, on the basis of a scientific article co-authored by Dr. Pickering and Dr. Schwartz as part of their work at HHS. Their complaint fails to state a claim under the Administrative Procedure Act, the Constitution, or the D.C. law of defamation. Accordingly, the federal defendants filed a motion to dismiss several months ago on November 14, 2005, docket entry no. [10].

Plaintiffs sought extra time to file an opposition to federal defendants' motion to dismiss, and counsel for federal defendants readily consented, conditioning such consent on plaintiffs also asking the Court to move back federal defendants' deadline to file an opposition, in order to move that deadline past the holidays. Plaintiffs' motion for more time, docket entry no. [15], included the correct deadlines in the text of the motion and proposed order, i.e., December 21, 2005, for their opposition, and January 15, 2006, for federal defendants' reply memorandum. However, the captions of plaintiffs' motion and supporting memorandum contained a typo and listed the deadline for their opposition as December 21, **2006**. The same typo appeared in the ECF docket entry plaintiffs' counsel entered when filing the motion.

By minute order dated December 16, 2005, the Court granted the motion, but the minute order contained the same typographical error as the captions and docket sheet entry, thus indicating a deadline of December 21, **2006**, for plaintiffs' opposition (and January 15, 2006, for federal defendants' reply).

There the matter stood for several weeks, with plaintiffs failing to file anything in response to the federal defendants' motion to dismiss.

Subsequently, counsel for federal defendants, having heard nothing from plaintiffs' counsel, called plaintiffs' counsel (i.e., both James Moody and Joseph Hennessey) on March 1, 2006, leaving messages inquiring if plaintiffs intended to oppose the federal defendants' motion to dismiss. By return message the next day, Mr. Hennessey, requested more time to address the matter, and undersigned counsel then left another message, on March 2, 2006, with Mr. Hennessey agreeing to be reasonable in negotiating a new schedule for further briefing on the motion to dismiss, requesting a return call to nail down dates, and pointing out the apparent error

in the Court's December 16, 2006, minute order.

Then another two weeks passed without any further contact initiated by plaintiffs' counsel. On March 14, 2006, the Court dismissed the non-federal defendants, noting plaintiffs' failure to oppose the non-federal defendants' motion to dismiss.

On March 16, 2006, undersigned counsel sent an email to plaintiffs counsel, explaining that now that the federal defendants were the only remaining defendants, that the Court had dismissed the non-federal defendants for failure to prosecute, and that any claim based on defamation against federal officials would be _much_ more difficult to win than defamation claims against private parties, the federal defendants intended to file a motion to dismiss for failure to prosecute. The email further explained that even though Local Rule 7(m) does not require consultation with opposing counsel on such a dispositive motion, consultation made sense given the weakness of their underlying claim. Plaintiffs filed the instant motion to stay the next day.

With that as background, the federal defendants are willing to forebear filing the motion to dismiss for failure to prosecute for a brief time. It should be noted, however, that plaintiffs have had two attorneys representing them all along and their motion to stay identifies (plainly ample) reasons to stay regarding only one of their attorneys. Therefore, federal defendants take no position on the instant motion to stay, reserve the right to file a motion to dismiss for failure to prosecute, and leave it to the Court to decide if the current showing justifies further delay in these proceedings.

March 20, 2006                                    Respectfully submitted,

 

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

3

_____
RUDOLPH C. CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov
